UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ELLISON ROBERT BURNS, SR., )
)
    Plaintiff, )
)
v. ) Case No. CV413-261
)
U.S. DEPTPARTMENT OF )
LABOR, *et al.*, )
)
    Defendants. )

## ORDER

Ellison Robert Burns, Sr. is once again before this Court. Over the years he has been granted leave to file *in forma pauperis* (IFP) in a series of frivolous lawsuits alleging discrimination and other wrongs visited against him by various entities with whom he has had union if not employment participation.[1] Once again invoking IFP, doc. 2, Burns

---

[1] *Burns v. Georgia Stevedore Assoc.*, CV410-170, doc. 10 at 1 n. 1 (S.D. Ga. Dec. 6, 2010) ("Burns is a repeat filer in this Court. *See Burns v. Zadach*, No. CV408-197 (S.D. Ga. Apr. 12, 2010) (dismissed for failure to prosecute); *Burns v. Int'l Longshoreman Ass'n*, No. CV408-072 (S.D. Ga. Mar. 30, 2009) (dismissed on summary judgment for failure to provide any admissible evidence of discrimination); *Burns v. I.L.A. Local 1414*, No. CV408-160 (S.D. Ga. Sept. 16, 2008) (dismissed for failure to state a claim for relief)."); *id.* at 4 (advising dismissal for failure to state a claim), *adopted*, doc. 15 (S.D. Ga. Jan. 3, 2011); *Burns v. Sav. Maritime Assoc.*,

shows that he recently attempted to run "for the office of the Board of Directors" of a local union but was deemed ineligible under that union's bylaws and constitution because he was "convicted of a crime subject to the prohibitions under 29 U.S.C. § 504(a) of the Landrum-Griffin Act."[2] Doc. 1 at 7. He thus wants to sue apparently anyone he thinks might have some way to respond to his sole request for relief: "Request for Removal of Bar Restriction 29 U.S.C. § 504(a) of the Landrum-Griffin Act On a Convicted Crime." *Id.* at 3.

For years Burns has been surfing the IFP wave by claiming indigency.[3] He now claims *complete destitution*. CV413-261, doc. 2 at 1-2 (zero wage income, zero assets, and a $75,000 debt). The Court

---

CV410-169, doc. 9 (S.D. Ga. Dec. 29, 2010) (advising dismissal for failure to state a claim), *adopted*, doc. 12 (S.D. Ga. Feb. 16, 2011); *Burns v. Int'l Longshoreman Assoc.*, CV410-171, doc. 2 (S.D. Ga. Aug. 23, 2010) (advising dismissal with "Fed. R. Civ. P. 11 warning against filing future such cases."), *adopted*, doc. 7 (S.D. Ga. Jan. 14, 2011). All of these lawsuits were dismissed as baseless; they form a cluster within a larger group of dead-end lawsuits that Burns has filed over the years -- all on the taxpayers' dime.

[2] *See Local 1516, Intern. Longshoremen's Ass'n, AFL-CIO v. U. S.*, 451 F. Supp. 685, 688 (S.D. Ga. 1978) (union agent, who pled *nolo contendere* to charges of embezzlement, was "convicted" within meaning of statutes prohibiting a convicted person from serving as a union business agent or trustee of an employee benefit plan); *Lippi v. Thomas*, 298 F. Supp. 242, 248 (M.D. Pa. 1969) (29 U.S.C. § 504(a) (barring from holding of union office for five years persons convicted of enumerated crimes is intended to apply to nonunion conduct as well as union conduct).

[3] *See, e.g.*, CV410-170, doc. 1 at 1-2 (only $7,000 in yearly income while "receiving unemployment"; otherwise, no assets and $50,000 in debt).

ordinarily grants IFP status if a plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915. Complete destitution need not be shown, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), but if one can pay the Court's filing fee without undue hardship then IFP will be denied. *Id.*; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (an applicant must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

Given Burns' history, it is simply hard to believe that he now exists on *zero* income, savings, and assets. Doc. 2. Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game,[4] the Court has demanded supplemental

---

[4] "[A] litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and

information from dubious IFP movants. *See, e.g., Robbins v. Universal Music Group*, CV412-292, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[5]

To that end, it tolerates no lies. *Ross v. Fogam*, CV411-114, 2011 WL 2516221 at * 1 (S.D.Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district

---

determined that plaintiff in fact had the ability to pay the court's filing fee).

[5] *See also Lister v. Department Of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information).

court.").[6]

Given the totality of the circumstances, further inquiry is warranted here.[7] Therefore, within 14 days from the date of this Order,

---

[6] Furthermore, liars are prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[7] Three important points must be underscored here:

> First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

*Lafontaine* also extended to non-prisoner IFP movants a pay-to-play, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act, which is expressed in statutory provisions like § 1915 (a)(1), (b)(1)(2). *Lafontaine*, 2013 WL 4048571 at * 2; *see also Kelner v. Harvin*, 2010 WL 2817262 at * 1 n. 5 (D. Kan. July 16, 2010) (It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current [IFP] statutes do not apply to [IFP] litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners.").

Burns shall disclose to the Court the following information:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment;

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year;

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Providing this information will answer the obvious question that arises here: If Burns has no money *at all*, how does he live? He must also detail and document his claimed $75,000 in debt. *See* doc. 2 at 2.

---

The Court is considering likewise here, since cost-free litigation too easily enables recreational if not nuisance litigation. That further necessitates more detailed financial data from Burns.

6

Finally, plaintiff must again declare the facts he pleads to be true under penalty of perjury.[8] If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Burns' convenience. His failure to respond in full will result in a recommendation of dismissal.

**SO ORDERED** this 9th day of December, 2013.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[8] He has done so on his IFP motion. Doc. 2 at 2.

7