IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ELLISON ROBERT BURNS, SR., )
  )
    Plaintiff, )
  )
v. )
  ) CASE NO. CV413-261
U.S. DEPARTMENT OF )
LABOR/OLMS; STATE OF GEORGIA; )
INTERNATIONAL LONGSHOREMEN )
ASSOCIATION; MR. WILBERT )
ROWELL, International Vice )
President; WILLIE SEYMORE, )
I.L.A. Local 1414 President; )
and WILLIE SEYMORE, )
International Vice President; )
  )
    Defendants. )
  )

# O R D E R

Before the Court is Plaintiff's Appeal (Doc. 7) from the Magistrate Judge's January 2, 2014 Order (Doc. 6) denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2). Previously, the Magistrate Judge denied Plaintiff pauper status because Plaintiff's answer to a question concerning any anticipated future income was that the question was "frivolous and deceitful." (Doc. 6 at 1-2.) In this appeal, Plaintiff appears to object to the Magistrate Judge's denial of Plaintiff's motion on this ground, stating that "Plaintiff does not have the power to foresee into the future and anticipate any future income." (Doc. 7 at 1.)

The Magistrate Judge's denial of Plaintiff's Motion for Leave to Proceed In Forma Pauperis is a ruling on a nondispositive matter. As a result, this Court's review of that decision is governed by Federal Rule of Civil Procedure 72. Under Rule 72, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 18 U.S.C. § 636(b)(1)(A) (authorizing magistrate judge to decide nondispositive matters, which district court may reconsider "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

This standard—clearly erroneous or contrary to law—is exceedingly deferential. Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (unpublished) (citing Dochniak v. Dominium Mgmt. Servs., Inc., 240 F.R.D. 451, 452 (D. Minn. 2006)). A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, " 'is left with a definite and firm conviction that a mistake has been made.' " Id. (quoting Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)). A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law. Id. (quoting S.E.C. v. Cobalt Multifamily Investors I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

2

Reviewing the record in this case, the Court is unable to conclude that the Magistrate Judge's order contained clear error. Plaintiff is required to truthfully and accurately answer the Magistrate Judge's questions regarding Plaintiff's claim of indigency. The answer he provided to the Magistrate Judge was evasive and unhelpful. Therefore, the Court is unable to find any error in that decision. Accordingly, Plaintiff's appeal is **DENIED**.

However, the Court will provide Plaintiff with a final opportunity to truthfully and accurately answer the Magistrate Judge's question concerning anticipated future income. Therefore, Plaintiff shall have **twenty days** from the date of this order to submit an appropriate answer as to whether he anticipates receiving any income within the next year. The Plaintiff is **WARNED** that should he continue to provide evasive and frivolous answers to these very straightforward questions, he is very likely to find himself required to pay the full filing fee.

SO ORDERED this 28th day of March 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA