UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ELLISON ROBERT BURNS, SR.,  )
                            )
    Plaintiff,               )
                            )
v.                          )    Case No. CV413-261
                            )
U.S. DEPTPARTMENT OF        )
LABOR, et al.,              )
                            )
    Defendants.              )

## ORDER

Over the years this Court granted serial *pro se* litigator Ellison Robert Burns, Sr. leave to file *in forma pauperis* (IFP) in a series of frivolous lawsuits alleging discrimination and other wrongs visited against him by various entities with whom he has had union if not employment participation.[1] Based on his IFP filings, the Court

---

[1] *Burns v. Georgia Stevedore Assoc.*, CV410-170, doc. 10 at 1 n. 1 (S.D. Ga. Dec. 6, 2010) ("Burns is a repeat filer in this Court. *See Burns v. Zadach*, No. CV408-197 (S.D. Ga. Apr. 12, 2010) (dismissed for failure to prosecute); *Burns v. Int'l Longshoreman Ass'n*, No. CV408-072 (S.D. Ga. Mar. 30, 2009) (dismissed on summary judgment for failure to provide any admissible evidence of discrimination); *Burns v. I.L.A. Local 1414*, No. CV408-160 (S.D. Ga. Sept. 16, 2008) (dismissed for failure to state a claim for relief)."); *id.* at 4 (advising dismissal for failure to state a claim), *adopted*, doc. 15 (S.D. Ga. Jan. 3, 2011); *Burns v. Sav. Maritime Assoc.*,

**GRANTS** his IFP motion. Doc. 2.

But Burns also knows the drill. The Court can *sua sponte* dismiss his case if, *inter alia*, his complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). This dismissal power "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

This case presents as a typical Burns lawsuit: A wild swing and a miss. He alleges that he recently attempted to run "for the office of the Board of Directors" of a local union but was deemed ineligible under that union's bylaws and constitution because he was "convicted of a crime subject to the prohibitions under 29 U.S.C. § 504(a) of the Landrum-

---

CV410-169, doc. 9 (S.D. Ga. Dec. 29, 2010) (advising dismissal for failure to state a claim), *adopted*, doc. 12 (S.D. Ga. Feb. 16, 2011); *Burns v. Int'l Longshoreman Assoc.*, CV410-171, doc. 2 (S.D. Ga. Aug. 23, 2010) (advising dismissal with "Fed. R. Civ. P. 11 warning against filing future such cases."), *adopted*, doc. 7 (S.D. Ga. Jan. 14, 2011). All of these lawsuits were dismissed as baseless; they form a cluster within a larger group of dead-end lawsuits that Burns has filed over the years -- all on the taxpayers' dime.

Griffin Act."[2] Doc. 1 at 7. He thus wants to sue apparently anyone he thinks might have some way to respond to his sole request for relief: "Request for Removal of Bar Restriction 29 U.S.C. § 504(a) of the Landrum-Griffin Act On a Convicted Crime." *Id.* at 3. But he attaches to his Complaint a union letter disqualifying him because "you were

---

[2] Burns also means the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 504, "widely known as the Landrum-Griffin Act," *Perez v. Postal Police Officers Ass'n*, 736 F.3d 736, 739 (6th Cir. 2013); *see also United States v. PATCO*, 653 F.2d 1134, 1142 (7th Cir. 1981). In part § 504 provides:

> No person who is or has been a member of the Communist Party or who has been convicted of, or served any part of a prison term resulting from his conviction of, robbery, bribery, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics laws, murder, rape, assault with intent to kill, assault which inflicts grievous bodily injury, or a violation of subchapter III or IV of this chapter any felony involving abuse or misuse of such person's position or employment in a labor organization or employee benefit plan to seek or obtain an illegal gain at the expense of the members of the labor organization or the beneficiaries of the employee benefit plan, or conspiracy to commit any such crimes or attempt to commit any such crimes, or a crime in which any of the foregoing crimes is an element, shall serve or be permitted to serve--
> 
> . . . .
> 
> (2) as an officer, director, trustee, member of any executive board or similar governing body, business agent, manager, organizer, employee, or representative in any capacity of any labor organization . . . .

29 U.S.C.A. § 504(a)(1)-(2); *see also Local 1516, Intern. Longshoremen's Ass'n, AFL-CIO v. U. S.*, 451 F. Supp. 685, 688 (S.D. Ga. 1978) (union agent, who pled *nolo contendere* to charges of embezzlement, was "convicted" within meaning of statutes prohibiting a convicted person from serving as a union business agent or trustee of an employee benefit plan); *Lippi v. Thomas*, 298 F. Supp. 242, 248 (M.D. Pa. 1969) (29 U.S.C. § 504(a), barring from holding of union office for five years persons convicted of enumerated crimes is intended to apply to nonunion conduct as well as union conduct).

convicted of a crime subject to the prohibitions under 29 U.S.C. § 504(a) of the Landrum-Griffin Act." Doc. 1 at 7. Burns never alleges that he has *not* been convicted of such a crime. An encyclopedist explains that:

> The employment restriction is not absolute. There are rare occasions where the 13-year ban might be considered too harsh. In such cases, a defendant may seek one of three types of relief: (1) petition the *sentencing* court to reduce the duration of the disability, (2) obtain full restoration of citizenship rights, or (3) petition the *sentencing* court for an exemption based on the court's determination that the petitioner's service in a prohibited capacity does not violate the purpose of the [Labor-Management Reporting and Disclosure Act (LMRDA)].

12 EMP. COORD. LABOR RELATIONS § 65:2 (Apr. 2014) (emphasis added).

Burns must plead facts showing that he is either (a) free of a disqualifying conviction; or (b) fits within one of those "rare occasions." *United States v. Peters*, 938 F. Supp. 2d 296, 301-02 (N.D.N.Y. 2013), cited in 2 EMP. COORD. LABOR RELATIONS § 65:2; *United States v. Cullison*, 422 F. Supp. 2d 65, 74-75 (D.D.C. 2006) (defendant convicted of crimes stemming from use of official position at union to extort from its members had not had his citizenship rights fully restored, and thus was not entitled to relief from disability under LMRDA; state's restoration of defendant's citizenship rights did not restore rights lost pursuant to federal conviction). Note, to that end, that this Court has *not* sentenced

4

him to anything. For that matter, he also must show that this Court somehow has the authority to grant his "Request for Removal of Bar Restriction 29 U.S.C. § 504(a) of the Landrum-Griffin Act On a Convicted Crime." Doc. 1 at 3.

Within 21 days of the date this Order is served, then, Burns must amend his complaint to fill in these gaps and thus plead facts and cite law showing why his case is not subject to immediate dismissal for failing to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Should he fail to satisfactorily comply with this directive, he will face a recommendation of dismissal.

Meanwhile, this Court has a duty to protect itself from frivolous litigation, which is one of the reasons why Fed. R. Civ. P. 11(c)(3) grants courts authority to *sua sponte* impose sanctions.[3] In amending his

---

[3] Another option is to extend to non-prisoner IFP movants like Burns a pay-to-pay, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act (PLRA), which is expressed in statutory-provisions like 28 U.S.C. § 1915(a)(1), (b)(l)(2). *Kareem v. Home Source Rental*, ___ F. Supp. 2d ___, 2013 WL 6407484 at *2 n. 4 (S.D. Ga. Dec. 9, 2013). Yet another is to impose a $100 filing bond. *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 2 (S.D. Ga. Mar. 19, 2013) ("The Court's imposition of a filing bond is an appropriate mechanism for reining in an IFP litigant who overburdens the Court with an unending stream of frivolous litigation."); *Robbins v. Universal Motown*, 2011 WL 2559639 at * 2 (S.D. Ga. Jun 27, 2011) ("for the next six months Robbins should be barred from filing any more lawsuits until he first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that he files. And if that does not work, then stronger remedies may be required. *See Chapman v.*

complaint, Burns must *not* advance frivolous litigation before this Court. Finally, all factual assertions must be made under oath (by way of affidavit or 28 U.S.C. § 1746 declaration), and Burns is reminded that this Court does not tolerate perjury in any form. *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

**SO ORDERED** this  8th  day of April, 2014.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

*Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009) (court executive committee's order directing destruction of any papers submitted either directly or indirectly by or on behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts)"); *Bigglest v. Mayor and Alderman of City of Savannah*, 2012 WL 5200107, at * 2 (S.D. Ga. Oct. 22, 2012). The Court will not hesitate to impose either or both of these sanctions if it turns out that this latest case is just another frivolous lawsuit.