UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ELLISON ROBERT BURNS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-261 |
| | ) | |
| U.S. DEPTPARTMENT OF LABOR, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In response to the Court's Order directing serial *pro se* litigator Ellison Robert Burns, Sr. to amend his complaint and thus fill in the legal gaps to his case, Burns has filed a "Motion For Claim For Relief To Obtain Full Restoration of his Citizenship Rights." Doc. 11. The motion is frivolous and ignores the Court's directions, including plaintiff's obligation to swear under oath that he has *not* been convicted of the very crime on which his lawsuit is based. It thus is **DENIED**. Doc. 11.

The Court also warned Burns that, "[s]hould he fail to satisfactorily comply with this directive, he will face a recommendation

of dismissal." Doc. 10 at 5, *reported at* 2014 WL 1379982. The Court now recommends **DISMISSAL WITH PREJUDICE**. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005); S.D. Ga. LR 41.1(b). Finally, the Court also noted its duty to protect itself from frivolous litigation, which is one of the reasons why Fed. R. Civ. P. 11(c)(3) grants courts authority to *sua sponte* impose sanctions.[1] The district judge should do so, as it is clear that Burns is a vexatious and abusive litigant.

**SO REPORTED AND RECOMMENDED** this 22nd day of April, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Options noted in the Court's last Order include the imposition of a $100 filing bond. *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 2 (S.D. Ga. Mar. 19, 2013) ("The Court's imposition of a filing bond is an appropriate mechanism for reining in an IFP litigant who overburdens the Court with an unending stream of frivolous litigation."); *Robbins v. Universal Motown*, 2011 WL 2559639 at * 2 (S.D. Ga. Jun 27, 2011) ("for the next six months Robbins should be barred from filing any more lawsuits until he first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that he files. And if that does not work, then stronger remedies may be required. *See Chapman v. Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009) (court executive committee's order directing destruction of any papers submitted either directly or indirectly by or on behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts)"); *Bigglest v. Mayor and Alderman of City of Savannah*, 2012 WL 5200107 at * 2 (S.D. Ga. Oct. 22, 2012). Previously the Court warned Burns that it will not hesitate to impose either or both of these sanctions if it turns out that this latest case is just another frivolous lawsuit. *Burns*, 2014 WL 1379982 at * 2 n. 3. Burns just showed that it is. Doc. 11.